UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
INNOVATIVE SPORTS MANAGEMENT, INC.
d/b/a INTEGRATED SPORTS MEDIA,

                                        Plaintiff,

-against-

MERCEDES S. FLORES RAMIREZ, individually
and d/b/a LA CANDELA II; and LA CANDELA
PERUVIAN CUISINE, INC., an unknown business
entity d/b/a LA CANDELA II,

                                        Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-cv-04613 (JMA) (ARL)

FILED
CLERK
10:33 am, Aug 30, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Plaintiff Innovative Sports Management, Inc., doing business as Integrated Sports Media, brings this action against Defendants Mercedes S. Flores Ramirez and La Candela Peruvian Cuisine, Inc. ("La Candela"), doing business as La Candela II, for pirating Plaintiff's satellite and cable transmission of an October 12, 2018 soccer match between Peru and Chile in violation of the Federal Communications Act of 1934, 47 U.S.C. §§ 553, 605 (the "FCA"). Before the Court is Plaintiff's motion for a default judgment seeking statutory damages, enhanced statutory damages, pre- and post-judgment interest, attorney's fees, and costs. (ECF No. 11.) For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

                                                      I.     DISCUSSION

**A. Defendants Defaulted**

      The record reflects that Defendants were properly served in this action but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds that Defendants have defaulted.

B. **Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).[1] However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the Complaint are sufficient to establish Defendant La Candela's liability. However, the Complaint does not sufficiently allege that Defendant Flores Ramirez is individually liable. Plaintiff's memorandum of law in support of its default judgment motion does not specifically address Flores Ramirez's liability. (See ECF No. 11-3 ("Pl.'s Mem.").) In any event, courts in this District have recently rejected near-identical attempts by Plaintiff—based on the same boilerplate, conclusory allegations regarding alleged piracy of the same soccer match—to impose FCA liability on individual defendants. See Innovative Sports Mgmt., Inc. v. Mejia, No. 20-CV-2943, 2021 WL 7709510, at *3–5 (E.D.N.Y. Aug. 3, 2021), R&R adopted, Electronic Order dated Aug. 6, 2021; Innovative Sports Mgmt., Inc. v. Acevedo, No. 19-CV-1690, 2020 WL 5134423, at *4–5 (E.D.N.Y. June 4, 2020), R&R adopted, 2020 WL 6063250 (E.D.N.Y. Oct. 14, 2020).[2] The same reasoning in these cases applies here and is incorporated in this Order. Accordingly, Plaintiff's motion for a default judgment against Defendant Flores Ramirez is denied.

C. **Damages**

Plaintiff seeks an award of $3,000 in statutory damages and $9,000 in enhanced damages under Section 605 of the FCA, as well as pre- and post-judgment interest. (Pl.'s Mem. at 5.)

---

[1]  Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

[2]  See also J & J Sports Prods. Inc. v. Inga, No. 18-CV-2542, 2019 WL 1320278, at *5 (E.D.N.Y. Mar. 22, 2019) (denying default judgment as to individual defendants based on defendant business entity's alleged violations of 47 U.S.C. § 605).

2

1. **Statutory Damages**

Section 605 provides for a per-violation recovery "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). "The amount of damages to be assessed pursuant to Section 605 rests within the sound discretion of the Court." J & J Sports Prods. Inc. v. Inga, No. 18-CV-2542, 2019 WL 1320278, at *6 (E.D.N.Y. Mar. 22, 2019). To determine the appropriate amount of statutory damages, "courts in this Circuit utilize either the 'flat fee' or 'per person' method, awarding the higher of the two." Mejia, 2021 WL 7709510, at *6. Under the flat-fee method, "the plaintiff receives the amount equal to the licensing fee associated with the particular program." Id. Under the per-person method, "the plaintiff receives damages equal to the amount an individual consumer would have paid to view the [event or program] . . . multiplied by the number of consumers who watched the illegally transmitted [event or program]." Id. (alternations in original).

Plaintiff alleges that Defendant's restaurant, La Candela II, had capacity for 100 patrons. (Decl. of Joseph P. Loughlin, Ex. 5 at 2, ECF No. 11-1 ("Loughlin Decl.").) According to the rate card provided by Plaintiff, based on La Candela II's 100-person capacity, Defendants would have paid $1,000.00 in licensing fees to show the soccer match. (Aff. of Doug Jacobs, Ex. 2, ECF No. 11-2 ("Jacobs Aff.").) Therefore, under the flat-fee method, Plaintiff would be entitled to $1,000.00 in statutory damages. Under the per-person method, however, Plaintiff would be entitled to $1,422.15, based on the 57 patrons observed at La Candela II multiplied by $24.95, the amount individual consumers would have paid to view the match. (Loughlin Decl., Ex. 5 at 2; Jacobs Aff., Ex. 1 at 2.) Because Plaintiff is entitled to the higher of the two amounts, the Court awards $1,422.15 in statutory damages. The Court rejects Plaintiff's request for $3,000 in statutory damages—three times the licensing fee—as unsupported by authority from within this Circuit.

See, e.g., Mejia, 2021 WL 7709510, at *6 (E.D.N.Y. Aug. 3, 2021) ("Courts in this District routinely reject similar arguments for heightened statutory damages.") (collecting cases).

### 2. Enhanced Statutory Damages

Plaintiff also seeks enhanced statutory damages of $9,000.00. (Pl.'s Mem. at 5.) Section 605(e)(3)(C)(ii) allows the Court, in its discretion, to award up to $100,000.00 in additional damages where "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain[.]" "To determine whether willful conduct warrants an award of enhanced damages, courts typically consider, inter alia, whether there is evidence of (i) repeated violations; (ii) significant actual damages suffered by the plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising of the event; and (v) defendant's collection of a cover charge or premiums for food and drinks." Inga, 2019 WL 1320278, at *7. "If none of the factors are applicable, deterrence concerns and the unauthorized display of the program in and of itself can prompt courts to award enhanced damages." Mejia, 2021 WL 7709510, at *6.

Based on the above, the Court finds that Plaintiff's conclusory allegations are insufficient to demonstrate that enhanced damages are warranted. See id. at *6–7; Inga, 2019 WL 1320278, at *7. However, the Court will award enhanced damages to serve deterrence purposes. Accordingly, Plaintiff is awarded $1,422.15 in enhanced damages, equal to the amount of statutory damages. See Mejia, 2021 WL 7709510, at *7 (awarding enhanced damages equal to statutory damages where plaintiff failed to establish that enhanced damages were otherwise warranted).

### 3. Pre- and Post-Judgment Interest

Plaintiff seeks pre- and post-judgment interest on the Court's award of damages under Section 605. (Pl.'s Mem. at 5 n.2.)

"Although § 605 of the FCA does not provide for an award of pre-judgment interest, the Court has discretion to award pre-judgment interest when doing so is fair, equitable, and necessary to compensate the wronged party fully. . . . However, courts should not award pre-judgment interest where the statutory obligation on which interest [is] sought is punitive in nature." Inga, 2019 WL 1320278, at *7. "Most courts in this district that have addressed this issue have declined to award [pre-judgment] interest noting that statutory damages under the [FCA] are analogous to punitive damages in that they are designed to deter others from similar infringing activity.'" J & J Sports Prods., Inc. v. La Ruleta, Inc., No. 11-CV-4422, 2012 WL 3764062, at *5 (E.D.N.Y. Aug. 7, 2012). Thus, because "the statutory obligation on which interest [is] sought," the award of statutory damages under the FCA, is "punitive in nature," the Court denies Plaintiff's request for pre-judgment interest. See Inga, 2019 WL 1320278, at *7. The Court will, however, grant Plaintiff's request for post-judgment interest at the federal statutory rate, as provided by 28 U.S.C. § 1961. See Mejia, 2021 WL 7709510, at *7 (awarding post-judgment interest under 28 U.S.C. § 1961); Inga, 2019 WL 1320278, at *8 (same).

### D. Attorney's Fees and Costs

Finally, Plaintiff requests leave to submit an application for attorney's fees and costs within 30 days of the entry of judgment. (Pl.'s Mem. at 11–12.) "Plaintiff's counsel has been admonished in the past that such piecemeal motion practice places an unnecessary burden on the Court." Mejia, 2021 WL 7709510, at *8. Nevertheless, the FCA provides that courts "<u>shall</u> direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added). Plaintiff may submit a post-judgment application for attorney's fees and costs within 30 days of entry of this Order.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is GRANTED in part and DENIED in part. The motion is granted as to the liability of Defendant La Candela Peruvian Cuisine, Inc., doing business as La Candela II, and denied as to Defendant Mercedes S. Flores Ramirez, doing business as La Candela II.

The Court awards Plaintiff damages in the amount of $2,844.30. The Court orders Defendant La Candela Peruvian Cuisine, Inc. to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961. The Clerk of Court is respectfully directed to enter judgment in Plaintiff's favor and to close this case.

Plaintiff may file a post-judgment application for attorney's fees and costs within 30 days of entry of this Order.

**SO ORDERED.**

Dated: August 30, 2022
Central Islip, New York

                                                                         /s/    (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE